Mohammed Anwar Hossain **BHUIYAN**, Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, United States Department of Justice, Respondent.

No. 06–4507–ag.

United States Court of Appeals, Second Circuit.

May 11, 2007.

**30**

David J. Rodkin, New York, New York, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Kevin M. Mulcahy, Assistant United States Attorney, Detroit, Michigan, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Mohammed Anwar Hossain Bhuiyan, a citizen of Bangladesh, seeks review of a September 8, 2006 order of the BIA affirming the March 31, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammed Anwar Hossain Bhuiyan,* No. A96 427 088 (B.I.A. Sept. 8, 2006), *aff'g* No. A96 427 088 (Immig. Ct. N.Y. City Mar. 31, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003).

■ As an initial matter, this Court lacks jurisdiction to review the IJ's denial of Bhuiyan's asylum claim because he failed to prove that he filed his application within one year of entry into the United States or that extraordinary circumstances existed such that he was prevented from filing on time. 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 323 (2d Cir.2006).[1] Moreover, Bhuiyan has failed to present a colorable constitutional claim or question of law. *See Saloum v. USCIS,* 437 F.3d 238, 243 (2d Cir.2006).

■ Withholding of removal, however, is not subject to any filing deadlines, and the IJ's factual findings underlying the denial of that claim are reviewed for substantial evidence. *See Xiao Ji Chen,* 471 F.3d at 339–40. Under this standard, we treat the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Legal errors are reviewed *de novo,* and we retain "substantial authority" to vacate and remand when the agency has failed to apply the law correctly or to support its findings with record evidence. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 337 (2d Cir.2006). The IJ in this case improperly denied Bhuiyan's withholding of removal claim on the basis of adverse credibility.

The IJ noted multiple inconsistencies between Bhuiyan's testimony and medical

---

1. It should also be noted that Bhuiyan does not challenge the agency's untimeliness finding. Accordingly, any such argument is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

reports in the record regarding injuries he sustained in three different incidents. First, with respect to the incident that allegedly occurred in February 1991, the IJ concluded that, where the report indicates Bhuiyan was stabbed in his upper right thigh, Bhuiyan testified that he was stabbed in his left hand. After review of the medical report in conjunction with Bhuiyan's testimony, it appears Bhuiyan did testify consistently with the report as the report references a knife wound to Bhuiyan's *upper and lower limbs*. Furthermore, although Bhuiyan did not testify to all of the injuries listed in the report, specifically the stab wound to his thigh, he did testify that he was otherwise kicked, beaten, (and attacked with a knife, that he received injuries to a "limb," and that he was in treatment for seven days). Because the report describes multiple injuries sustained as a result of a knife attack and a physical assault, it is generally consistent with Bhuiyan's testimony. The purported inconsistency is, therefore, "minor and isolated" and an insufficient basis for the IJ's adverse credibility determination. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000).

Next, the IJ found that Bhuiyan testified inconsistently with the medical report associated with the January 1994 incident. Specifically, the IJ noted that, where the report states an injury to Bhuiyan's gluteus muscle, according to Bhuiyan, he was injured in his left leg and received a bullet wound to his foot. The IJ also noted that, according to the report, Bhuiyan was disoriented at the time he arrived at the hospital and not unconscious as Bhuiyan claims. The IJ's conclusions regarding this incident, however, are not supported by the record.

First, the IJ's statement that Bhuiyan testified to receiving a bullet wound to his foot is not evident in the transcript as it is difficult to decipher whether Bhuiyan testified to being shot or if it was counsel who posed a leading question. Despite the inability to properly review the transcript, it is evident that, even if Bhuiyan did admit to being shot during this incident, neither counsel nor the IJ questioned him about the report's findings and the fact that it did not include a shot wound. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir.2006) (holding that the agency may not rest an adverse credibility finding on a non-dramatic inconsistency without first giving the applicant a chance to reconcile the testimony). Because the purported inconsistency regarding the type of injury Bhuiyan received during one of many alleged incidents of physical assault is not the kind of " 'dramatic' [or] sufficiently conspicuous" inconsistency that goes to the heart of Bhuiyan's claim, the IJ erred in relying on it in support of her adverse credibility determination without first affording Bhuiyan an opportunity to rehabilitate himself. *Id.* at 114 (quoting *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005)).

Next, with respect to Bhuiyan's testimony that he was stabbed in his left thigh and the fact that it contradicts the report's conclusion that he was stabbed in his right gluteus, Bhuiyan explained that he must have forgotten and that he had trouble recollecting. The IJ discredited Bhuiyan's explanation, finding that it was not supported by the psychological evaluation that was submitted into evidence. According to the evaluation, Bhuiyan was diagnosed with, *inter alia*, posttraumatic stress disorder ("PTSD"). The psychologist found that Bhuiyan met certain criteria for a diagnosis of PTSD, including, *inter alia*, "inability to recall an important aspect of the trauma." Here, not only did the IJ misinterpret the facts, as the report does conclude that Bhuiyan's condition includes impaired recollection, she failed to consider the report's conclu-

sion that Bhuiyan suffers from both a major depressive disorder and PTSD as a result of his experiences in Bangladesh and that, should he return to his country, "his depressive symptomatology and [PTSD] would both increase in severity . . . [and] might well develop [into] suicidal ideation." Therefore, according to the evaluation, it is possible that Bhuiyan has difficulty remembering specific details regarding the injuries he sustained. The IJ thus erred in discrediting Bhuiyan's explanation for the discrepancy and in failing to address the validity of the evaluation's conclusions. *See Zhou Yun Zhang*, 386 F.3d at 74 (noting that "our review is meant to ensure that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice"); *see also Diallo*, 232 F.3d at 290 (indicating that "the presence of corroborating evidence" may be relevant to an IJ's assessment of credibility).

The IJ also improperly determined that the report failed to substantiate Bhuiyan's claim that he was unconscious at the time of his arrival at the hospital. Bhuiyan testified that he was unconscious at the time he arrived at the hospital and that it was possible he regained consciousness thereafter. While an IJ is not required to "parse or refute" on the record each of petitioner's explanations for testimonial inconsistencies, *Xiao Ji Chen*, 471 F.3d at 336 n. 17, she is required to take into account significant factual assertions offered as explanation, and to provide a reasoned analysis of those assertions. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir.2005). Absent a reasoned evaluation of Bhuiyan's explanation—that, while he was unconscious at the time he arrived at the hospital, he could have been conscious at the time of examination—the IJ's conclusion that Bhuiyan's testimony was inconsistent with the medical record was "based on flawed reasoning

and, therefore, cannot constitute substantial evidence supporting her conclusion." *Id. See also Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir.2005) (noting that the IJ must account for assertions made by the applicant).

Next, the IJ also improperly found that Bhuiyan testified inconsistently with the medical report associated with his March 1996 incident. The medical report noted that Bhuiyan was unconscious at the time of examination and that he had a laceration on his head, multiple bruises all over his body, and a wound on his right arm. Bhuiyan testified that he received injuries to his head, rendering him unconscious, and injuries to his left arm and left leg. The fact that Bhuiyan testified to an injury to his left arm as opposed to his right was the type of non-dramatic inconsistency upon which the agency can not rely without first putting the applicant on notice and giving the applicant a chance to reconcile the testimony. *See Ming Shi Xue*, 439 F.3d at 125. Because the IJ did not do so in this instance, she improperly referenced the inconsistency in support of her adverse credibility finding.

■ In addition to the above-listed inconsistencies, the IJ also determined that Bhuiyan failed to "adequately corroborate" his claims. For instance, the IJ decided to give no weight to the wife's affidavit since she failed to appear as a witness and lives in the United States. Even if the IJ's decision was proper, *cf. Li Zu Guan v. I.N.S.*, 453 F.3d 129, 140–41 (2d Cir.2006) (an IJ may base an adverse credibility finding on the absence of corroborating evidence that was reasonably available to the applicant), Bhuiyan offered a plethora of other evidence to corroborate his claims. For example, in addition to the medical records submitted for each alleged incident of persecution, Bhuiyan also submitted

statements and affidavits from other members of the Awami League, each attesting to Bhuiyan's involvement in the Awami League, specific instances of persecution against Bhuiyan, and that it was generally unsafe in Bangladesh for Awami League members. Moreover, one of the members attested to the fact that police were looking to arrest Bhuiyan after the January 1994 incident and that they continued to look for him in August 2003. The IJ discredited these statements, finding that they were proffered by "people who apparently [did not] have any personal knowledge of what occurred to [Bhuiyan]." This conclusion, however, is blatantly contradicted by the record. Not only do the statements and affidavits contain specific and personalized accounts of Bhuiyan's interaction with the BNP, they offer valid proof of Bhuiyan's wellfounded fear of persecution. Given that the IJ's statement concerning Bhuiyan's proffered evidence is factually incorrect, she erred in determining that Bhuiyan failed to "adequately corroborate" his claims. *See Zhou Yun Zhang*, 386 F.3d at 74 (explaining that credibility findings cannot be based on "a misstatement of the facts in the record").

■ The IJ also concluded that she would give no weight to the arrest warrant in light of Bhuiyan's inconsistent testimony regarding when the warrant was issued and because there was a "clear erasure" on the document. Not only is the IJ's conclusion—that Bhuiyan testified inconsistently regarding the date the warrant was issued—questionable since Bhuiyan never affirmatively testified to the document's issuance date, she failed to consider other evidence in the record that corroborates Bhuiyan's claim that he is wanted for arrest by the BNP. Particularly, there is a statement from an attorney hired by Bhuiyan's father in Bangladesh, confirming Bhuiyan's involvement in the Awami League and the fact that police sought to arrest Bhuiyan in July 2002. According to the statement, police initiated a criminal case against Bhuiyan in July 2002 and in April 2004 he was required to appear before the "Chief Metropolitan Magistrate's Court" in Dhaka. These facts corroborate information contained in the warrant. Furthermore, with respect to the "clear erasure" of the date the warrant was issued, although the last digit of the year is erased, the information on the document is otherwise consistent with the facts as set forth by Bhuiyan's attorney in his statement. Since the IJ made no finding regarding the credibility of the attorney's statement and its relevance to Bhuiyan's claims, the IJ improperly discredited the warrant on this basis. *See, e.g., Tian–Yong Chen v. U.S. I.N.S.*, 359 F.3d 121, 128–29 (2d Cir.2004); *see also Diallo*, 232 F.3d at 290 (indicating that "the presence of corroborating evidence" may be relevant to an IJ's assessment of credibility).

Accordingly, for the reasons discussed above, Bhuiyan's petition is granted with respect to his withholding of removal claim and the case is remanded for the IJ to consider his eligibility in light of the entire record.

■ Because Bhuiyan did not raise his CAT claim before the BIA, he failed to exhaust administratively this claim for relief and this Court is, therefore, without jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED, in part, and GRANTED, in part. The BIA's order is VACATED, in part, and the case is REMANDED for further proceedings consis-

tent with this order. The pending motion for stay of removal is DENIED as moot.